NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN CHISOLM, an individual, | No.    19-55709 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00893-MMA-MDD |
| v. | |
| 7-ELEVEN, INC., a Texas corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted May 12, 2020**
Pasadena, California

Before:  WARDLAW, COOK,*** and OWENS, Circuit Judges.

Helen Chisolm, an African-American woman in her seventies, worked for 7-Eleven for over two decades before suffering disabling injuries.  During the four

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

years she then spent on medical leave, 7-Eleven denied her two requests for promotion and eventually terminated her employment. Chisolm sued for age, disability, and race discrimination, retaliation, failure to prevent retaliation or discrimination, and wrongful termination in violation of public policy under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940. The district court granted summary judgment to 7-Eleven on all claims. Chisolm now appeals on all but her race discrimination claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We address Chisolm's appeal on the merits despite the scarcity of record citations in support of the arguments raised in her opening brief. Federal Rule of Appellate Procedure 28 requires that an appellant's opening brief include "citations to the . . . parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(8)(A). However, because Chisolm supports her *Statement of the Case* with ample record references, the "procedural violations were not so egregious as to prevent [7-Eleven] from meaningfully responding to the appeal[,]" which, here, it did. *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 997 (9th Cir. 2007). We therefore proceed to the merits.

2. The district court did not abuse its discretion by excluding either Chisolm's March 2018 email or Fe Demasco's declaration because Chisolm's failure to timely disclose this evidence, as required by Federal Rule of Civil Procedure 26, was not

substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–07 (9th Cir. 2001). The March 2018 email was not produced until the final deposition, after the discovery cut-off, thereby preventing 7-Eleven from deposing any other witness, including Chisolm, about the document. The district court's order permitting the parties to take this deposition after the discovery cut-off does not justify Chisolm's late disclosure, and Chisolm is not excused from her Rule 26 obligations merely because 7-Eleven likely had the email in its possession.

Nor was Chisolm's failure to disclose Fe Demasco as a witness justified or harmless despite Chisolm's mention of "Faye" in her initial disclosures and at her deposition. *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150–51 (9th Cir. 2017) (upholding exclusion of late-disclosed declarations where plaintiff "mentioned the witness names in an interrogatory response").

In addition, Chisolm fails to demonstrate any prejudice was caused by the exclusion of the March 2018 email or Fe Demasco's declaration. *Id.* at 1151.

3. The district court did not err by granting summary judgment on Chisolm's FEHA failure to accommodate claim, Cal. Gov't Code § 12940(m). Chisolm foreclosed any argument that 7-Eleven could have accommodated her in her Field Consultant position by her concession in her deposition that she could no longer perform its essential functions and that she needed to be reassigned. Her claim thus

- 3 -

depends on the availability of reassignment positions. "[A]n employer can prevail on summary judgment on a claim of failure to reasonably accommodate by establishing through undisputed facts that there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015) (internal quotation marks omitted); *see also Spitzer v. Good Guys, Inc.*, 80 Cal. App. 4th 1376, 1389 (2000) ("[A]n employer is relieved of the duty to reassign a disabled employee . . . if there is no vacant position for which the employee is qualified.").

7-Eleven met this burden. Chisolm failed to raise a genuine dispute that any non-promotional positions for which she was qualified were available at the time her employment was terminated, or that any such positions were reasonably likely to become available after another finite extension of her medical leave. *Nealy*, 234 Cal. App. 4th at 377–78. Accordingly, 7-Eleven is entitled to summary judgment on this claim.

4. The district court did not err by granting summary judgment on Chisolm's FEHA disability discrimination claim, Cal. Gov't Code § 12940(a). As to Chisolm's discharge, "FEHA permit[s] the [employer] to discharge [an employee] if he was unable to perform the essential functions of his job even with reasonable accommodations." *Nealy*, 234 Cal. App. 4th at 378. Even assuming, without

deciding, that Chisolm had direct evidence of disability discrimination, Chisolm cannot prevail unless there were reasonable accommodations available that would have allowed her to perform the essential functions of the position. *Id.*; *Wallace v. Cty. of Stanislaus*, 245 Cal. App. 4th 109, 123 (2016). Chisolm's disability discrimination claim therefore fails for the same reasons as her reasonable accommodation claim.

Chisolm also fails to raise a genuine dispute that 7-Eleven's decisionmaker, Jeffrey Tucker, refused to hire her for the Senior Real Estate Representative (SRER) position—a promotion from her Field Consultant job—because of her disability. None of the evidence in the record suggests that 7-Eleven lied about a hiring freeze to avoid Chisolm's first application for an SRER position. *Cf. Abed v. W. Dental Servs., Inc.*, 23 Cal. App. 5th 726, 741 (2018) (explaining that "[e]mployers who lie about the existence of open positions" may be liable for discrimination). In addition, neither Tucker nor his colleague ever declared that Chisolm's disability influenced Tucker's decision not to hire her after she interviewed for the SRER position. Rather, *one of Chisolm's answers*—that she wanted to be an SRER so she could "just sit in a car and count cars at intersections"—concerned Tucker, as did "her beating around the bush on questions and not answering them directly." Chisolm fails to adduce evidence to create a genuine dispute that she had similar, let alone superior, qualifications and interview performance to the woman chosen for the

position. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1159–60 (9th Cir. 2010).

5. The district court did not err by granting summary judgment on Chisolm's FEHA interactive process claim, Cal. Gov't Code § 12940(n). "To prevail on a claim for failure to engage in the interactive process, the employee must identify a reasonable accommodation that would have been available at the time the interactive process occurred." *Nealy*, 234 Cal. App. 4th at 379. This claim therefore fails for the same reason as Chisolm's reasonable accommodation and disability discrimination claims.

6. The district court did not err by granting summary judgment on Chisolm's claim that 7-Eleven failed to promote her because of her age. Chisolm failed to raise a triable issue as to whether she "suffered an adverse employment action . . . under circumstances that give rise to an inference of unlawful discrimination[.]" *Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 297, 321 (2010). Although 7-Eleven hired a younger woman, Bobbie King, for the SRER position, Chisolm submits only her own speculation that King was less qualified for the role. *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." (quoting *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996))). Chisolm's assertion that 7-Eleven repeatedly promoted Tucker (then in his thirties) without promoting her likewise

fails to create a triable issue. Chisolm points to no position that Tucker received over her due to age considerations. *See Sandell*, 188 Cal. App. 4th at 321. Finally, Chisolm's evidence of "ageist comments" made by her former supervisor fall outside the one-year limitations period on Chisolm's claim. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 106 (2008).

7. Assuming, without deciding, that a "multi-factor" FEHA discrimination claim exists, it would fall with Chisolm's disability and age discrimination claims.

8. The district court did not err by granting summary judgment on Chisolm's claim that 7-Eleven refused to hire her for the SRER position and terminated her employment in retaliation for Chisolm's complaints of discrimination, Cal. Gov't Code § 12940(h). To survive summary judgment on a FEHA retaliation claim, Chisolm must establish a triable issue that there is a "causal link" between her protected activity and an adverse employment action. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Tucker's testimony that he heard a "rumor" related to a class action lawsuit Chisolm had filed two years before her SRER interview cannot establish retaliation absent "surrounding circumstances that show a retaliatory motive." *Id.* (finding no causal link where the protected activity occurred thirteen months before the adverse action). As the district court found, Chisolm failed to proffer evidence of any such circumstances. As for her termination, Chisolm failed to produce any evidence that 7-Eleven had knowledge

of her discrimination complaint before her discharge. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir. 2006) (finding no question of fact as to the required "causal link" absent evidence of employer's awareness of protected activity).

9. Chisolm concedes that her remaining claims for wrongful termination, failure to prevent discrimination or retaliation, and punitive damages fall with her other claims.

**AFFIRMED.**